The Town of Salem *v.* Goller.

No. 7844.

## The Town of Salem *v.* Goller.

NEGLIGENCE.—*Cities and Towns.—Street.—Evidence.—Pleading.—Complaint.* — Where a complaint for personal injury, received in falling into an excavation along the sidewalk, contained an averment that the plaintiff was without fault or negligence, the mere fact that he was blind is not conclusive evidence of his negligence in venturing on the sidewalk; and the averment, that the plaintiff was "without fault," has a technical significance, and admits proof of any facts tending to show its truth, and forms an exception to the rule of pleading, which requires the statement of facts, instead of conclusions.

SAME.—*Contributory Negligence.—Wilful Injury.*—Contributory negligence is a good defence to any injury caused by mere negligence of whatever character; and it only ceases to be a defence when the injury is shown to have been wilfully committed.

SAME.—*Instruction.*—Where a complaint does not charge wilful injury, it is error to instruct the jury that if "the negligence of the defendant is so gross as to imply a disregard for consequences, or a willingness to inflict the injury, the plaintiff may recover," though guilty of contributory negligence.

From the Washington Circuit Court.

*T. Huston, D. M. Alspaugh* and *J. C. Lawler,* for appellant.

*H. Heffron, J. A. Zaring* and *S. B. Voyles,* for appellee.

WOODS, J.—The appellee obtained a judgment against the appellant for personal injury, received by falling from a sidewalk of the town into an open cellar or excavation, charged to have been left by the appellant negligently unguarded. The complaint is in two paragraphs, not essentially different. The answer is a general denial.

The appellant claims that the court erred in overruling the demurrer to each paragraph of the complaint, and in overruling the motion for a new trial. The only objection made to the complaint is, that it shows that the appellee was blind when he received the injury, and was therefore guilty of contributory negligence in attempting to pass the place of danger. Each paragraph, however, contains the averment that the plaintiff was without fault or negligence, and

the mere fact that he was blind is not conclusive evidence of negligence in venturing upon the sidewalks, which he had a right to presume were in a safe condition. It is argued that a blind man ought not to come unattended upon the streets. It is doubtless a question of fact for the jury, under the circumstances of each case, whether the party's coming out was negligence on his part. But, if it were conceded that the coming of a blind man upon the street unattended is conclusive evidence of negligence, it would not affect the question, because the complaint does not show that the plaintiff was alone when hurt. The allegation that he was without fault, like the general averment of negligence, has a technical significance, and admits proof of any facts tending to show its truth. This is an exception to the ordinary rule of pleading under the code, which requires the statement of the facts, rather than the conclusion deduced therefrom. In this respect, therefore, a complaint which contains this allegation is good, unless the other averments are such as to show affirmatively that the plaintiff was in fault.

Among the alleged causes for a new trial is the giving of certain instructions to the jury. The fourth instruction contains the following clause, which is especially pressed upon our attention:

"The defendant is not necessarily excused merely because the plaintiff knew that some danger existed through the defendant's neglect, and voluntarily incurred such danger; for it is well settled that when the negligence of the defendant is so gross as to imply a disregard for consequences, or a willingness to inflict the injury, the plaintiff may recover, though he be a trespasser, or did not use ordinary care to avoid the injury."

This was aside from the issues. The complaint does not allege, and it will scarcely be claimed that there was any

Johnston, Receiver, *v.* May *et al.*

evidence to show, any such negligence or malfeasance on the part of the appellant.

Contributory negligence is a good defence to any injury caused by mere negligence, of whatever degree ; and it ceases to be a defence only when the injury is shown to have been wilfully committed. "As a matter of evidence, proof that the misconduct of the defendant was such as to evince an utter disregard of consequences, so as to imply a willingness to inflict the injury complained of, may tend to establish wilfulness on the part of the defendant ; but, to authorize a recovery on such evidence, there must be suitable allegations in the complaint to which it is applicable." *The Pennsylvania Co.* v. *Sinclair*, 62 Ind. 301. *The Cincinnati, etc., R. R. Co.* v. *Eaton*, 53 Ind. 307. For the error in giving this instruction, the judgment must be reversed.

The appellee has assigned cross errors upon the refusal of the court to give certain instructions. Some of these, as they appear in the transcript, are of obscure and uncertain meaning. In the main, they contain statements of abstract propositions in a form not likely to have been well understood and properly applied by the jury. So far as correct and applicable to the case, they were embodied substantially in instructions which were given.

The judgment is reversed, with costs.