Pittsburgh, Cincinnati and St. Louis Railway Company v. Wright.

No. 8673.

PITTSBURGH, CINCINNATI AND ST. LOUIS RAILWAY COM-
PANY v. WRIGHT.

NEGLIGENCE.—*Pleading.*—*Contributory Negligence.*—*Question of Fact.*—*Pre-sumption.*—The averment in a complaint for negligently causing injury, that the plaintiff was without fault, is technical, and admits of any legitimate evidence to prove it. It makes the complaint good in this respect against an inference of contributory negligence, unless the inference arises as a necessary legal conclusion from the facts stated. So long as the facts stated do not require a contrary inference, the averment entitles the plaintiff to have the question submitted to the jury as a question of fact whether there was such negligence. When negligence is the issue, it is for the court, by proper instruction, to define negligence with reference to the facts of the case, and for the jury to find whether there was negligence.

EVIDENCE.—*Statements of Agent.*—*Res Gestœ.*—The statements of an agent or servant, made after an occurrence, concerning it, are not evidence against the principal, are not *res gestœ.*

PRACTICE.—*New Trial.*—*Cause for.*—A motion for a new trial, on the ground that one witness was not allowed to answer a particular question, is not supported by a showing in the record that another witness was not allowed to answer another question.

Pittsburgh, Cincinnati and St. Louis Railway Company *v.* Wright.

From the Madison Circuit Court.

*N. O. Ross*, for appellant.

*M. S. Robinson* and *J. W. Lovett*, for appellee.

Woods, J.—It is claimed that the court erred in overruling the appellant's demurrer for want of facts to the complaint of the appellee.

The complaint is long, and the giving of a copy is unnecessary. It charges the injury and destruction of two horses, harness, and a wagon of the plaintiff at a highway crossing of the track of the defendant's road. It is charged in substance, that, at and on the north side of the crossing for a long distance, the railroad track lay in a deep cut, and was also obscured and concealed by a growth of underbrush and timber, on both sides of the track; that at the point of the crossing, the defendant permitted the rails, ties, planks and boards of the crossing to be so much higher than the highway as to check and impede the speed of vehicles passing over; that on the 24th day of September, 1878, one John Wright was lawfully attempting to drive plaintiff's team and wagon across the defendant's track at said point, when the defendant carelessly and negligently ran her locomotive and train upon them, demolishing the wagon and injuring the horses and harness, to the plaintiff's damage, etc.; that said train was running at a dangerous, reckless and unusual rate of speed, to wit, fifty miles per hour, and when approaching said crossing, the defendant's servants in charge negligently failed to give any signal or alarm, by ringing the bell or blowing the whistle or otherwise, though they well knew the dangerous condition of the crossing, and never attempted to check or stop said train; that said injury was caused by the careless acts of the defendant as stated, and without any negligence on the part of the said Wright or of the plaintiff; that, within a short distance of the crossing, said Wright stopped the team and looked and listened, but by reason of the concealed condition of the track he was unable to see, and on account of the negligent failure

of the defendant's servants to ring the bell or sound the whistle, he was unable to hear the train approaching, etc.

The complaint was clearly sufficient.  There are no facts stated, from which, as against the averment that the plaintiff and his servant were without fault, it can be inferred, as is contended, that the servant was guilty of contributory negligence.  The averment that the plaintiff was without fault is of a technical character, and admits of any legitimate proof by which its truth can be established; and, as a matter of pleading, it makes the complaint good in that respect, against all mere inferences of contributory negligence, unless the inference arises as a necessary legal conclusion from the facts stated.  See *The Town of Salem* v. *Goller,* 76 Ind. 291.  So long as the facts stated do not force the legal conclusion that there was contributory fault, the averment that there was no such fault entitles the plaintiff to have it submitted to the jury as a question of fact, whether there was such negligence. It is for the court, by proper instructions, to define negligence with reference to the facts of the case, and for the jury to find whether there was negligence.  *The Chicago & Alton R. R. Co.* v. *Pennell,* 94 Ill. 448; *The Pennsylvania Co.* v. *Conlan,* 101 Ill. 93; *The Lake Shore, etc., R. R. Co.* v. *Miller,* 25 Mich. 274.

The next point made is that the court erred in excluding proof of certain statements alleged to have been made by the driver, Wright, shortly after the accident, as to the reason he did not see the train.  The statements, if made at all, were made as much as half an hour after the occurrence, and at a different place, and were, therefore, not admissible as part of the *res gestæ.*  It is not pretended that Wright had any such relation to the plaintiff as that, after the occurrence, his statements were admissible as such against the plaintiff.  Wright was himself a witness on the trial, but it has not been suggested or pointed out in the record, that he was questioned on the subject.  There was, therefore, no foundation laid for impeaching him by proof of contradictory statements.  Another

alleged cause for a new trial is that the court erred in refusing to permit Charles D. Lee, a witness, to answer the following question : " Did you use all the means within your power to prevent the accident after you saw the wagon was about to attempt to cross the track in front of the train?" For support of this cause, reference is made in the brief to the bill of exceptions—pp. 139, 140. It there appears that the court refused to permit a witness, who had given his name as Charles D. Luce, to answer the following question : "State what more you could have done than you did do to prevent the accident after you saw the team was about to attempt to cross the track in front of the train." This question is, perhaps, more clearly permissible than the one set out in the motion for a new trial; but, as the record stands, we are not required to consider either. *Bruker* v. *Kelsey*, 72 Ind. 51.

We would not be justified in disturbing the verdict as contrary to the law or the evidence.

The judgment is affirmed, with costs.