No. 9433.

## MURPHY v. THE CITY OF INDIANAPOLIS.

NEGLIGENCE.— *City.— Street.—Surface Water.— Complaint.*— A complaint against a city for personal injury resulting from a defective street, which, with the other necessary averments, alleges that the city had negligently permitted the street to become dangerous to use, and that the plaintiff was without fault, is good on demurrer, though it appear that the street had never been improved or graded, that the defect was caused by the action of surface water, and that the plaintiff had knowledge of it.

From the Marion Circuit Court.

*D. V. Burns* and *C. S. Denny*, for appellant.

*J. A. Henry*, for appellee.

ELLIOTT, J.—This is an action for injuries alleged to have been received by the appellant while travelling upon a public highway of the appellee. Appellant's complaint was held bad upon demurrer.

It is contended by appellee's counsel, that the facts alleged do not show any negligence on the part of the municipal

authorities. We think otherwise. It is charged in direct terms that there was negligence, a description of the defect in the highway is given in detail, the time of its existence stated, and the character of the negligent omission of the municipal officers fully set forth. This must be regarded as sufficiently charging appellee with a negligent omission of a corporate duty. A complaint which does this will, if it contains all the other elements of a cause of action, repel a demurrer.

It is not necessary for the plaintiff, in such a case as this, to allege that the highway had been improved by the corporation. It is the duty of municipal corporations to use ordinary care to keep all of its streets and alleys in a reasonably safe condition for travel. The fact that the highway has not been graded or paved does not relieve them from this duty. Streets and alleys opened for travel must be kept in such a condition as not to endanger the persons or property of those lawfully using them, whether the corporation has or has not improved them.

A municipal corporation is liable for negligently suffering a highway to become unsafe, although the defect which makes it unsafe is caused by surface water. The cases which treat of surface water as " a common enemy," have no application to such an action as the present.

It is true, as counsel asserts, that a municipal corporation is not an insurer of the condition of its streets, but it is also true that it is bound to exercise ordinary care in making and keeping them in a reasonably safe condition for travel. Whether there is a defect in a street, and whether the municipal officers have been negligent, are generally questions of fact; but in this complaint negligence is expressly charged, and the existence of a defect, making the highway unsafe, directly averred. We can not, as counsel suggests, look to the improbability of the statements of the pleading; the demurrer concedes not only their probability, but also their truth.

It has long been settled by the decisions of this court, that it is sufficient, in such an action as this, to aver generally that the plaintiff was without fault. This the complaint under ex-

amination does.   It is no doubt true that if the facts specifically pleaded should fully and clearly show that the plaintiff was guilty of contributory negligence, the complaint would be held bad, notwithstanding this general averment.   *Town of Salem* v. *Goller*, 76 Ind. 291.

The contention of counsel is that the appellant's complaint is bad, because it shows that she had knowledge of the defect which caused her injury.   We can not sanction any such doctrine.   The fact that one has knowledge of the dangerous condition of a street does not necessarily preclude a recovery.   The knowledge of the plaintiff is, however, always an important fact for the consideration of the jury upon the question of contributory negligence.   *Toledo, etc., R. W. Co.* v. *Brannagan*, 75 Ind. 490; *City of Huntington* v. *Breen*, 77 Ind. 29.   Important as the fact of knowledge may be, it can not be deemed sufficient to overthrow a complaint which, in direct terms, avers that there was no contributory negligence.

The circuit court erred in sustaining the demurrer to appellant's complaint.

Judgment reversed.