Board of Commissioners of Porter County v. Dombke.

Filed March 8, 1884.

———————◆———————

No. 10,839.

BOARD OF COMMISSIONERS OF PORTER COUNTY v. DOMBKE.

COUNTY COMMISSIONERS.—*Pleading.*—Formal pleading is not necessary in presenting claims in the court of county commissioners, and a claim is sufficient if it fully apprise the board of the nature of the claim, and state it with such certainty that a judgment upon it would bar another suit for the same cause.

Board of Commissioners of Porter County *v.* Dombke.

NEGLIGENCE.—*Personal Injury.—Evidence.—Res Gestæ.*—In a suit for personal injury resulting from negligence, what is said at a time of suffering as to the character of the pain or hurt is admissible for the plaintiff, not extending to a narrative of a past transaction.

SAME.—*Bridges.—Evidence.—Highway.*—In a suit against a county, on account of injuries resulting from a defective bridge, evidence of the condition of the highway connecting with the bridge, and the frequency of its use by travellers, is admissible, so that the jury may have knowledge of the place where the injury occurred.

SAME.—*Damages.*—In a suit for injury caused by negligence, the state of the injury as it exists at the time of trial may be shown, and damages may be given for permanent injury.

SAME.—*County Commissioners.—Care of Bridges.*—Ordinary care is required of a county in constructing and maintaining its bridges, that is, such care as a prudent man would use in his own affairs where the whole risk would be his own, and the degree of this care must be in proportion to the magnitude of the injury likely to result from neglect.

SAME.—*Notice.*—In such cases actual notice of defects is not essential to liability, but their existence for such a period that they ought to have been discovered will be sufficient.

SAME.—The use of a bridge by one who knows its defects does not forbid his recovery for injury if the danger be such that it could be prudently encountered, and if he use care proportioned to the known danger.

LEADING QUESTIONS.—The permission of leading questions is not available error, unless it is plain that there was an abuse of discretion to the injury of the party objecting.

From the Porter Circuit Court.

*W. Johnston,* for appellant.

*E. D. Crumpacker* and *J. H. Gillett,* for appellee.

ELLIOTT, J.—The appellee filed a verified claim in the form of a complaint before the board of commissioners of Porter county, alleging that he had received injuries because of the negligence of the county authorities in suffering a bridge of the county to become unsafe. The decision of the board was against him, and he appealed to the circuit court and recovered judgment.

No attack was made on the complaint until after verdict in the circuit court, when the appellant moved in arrest of judgment. It is objected to the complaint that it does not show that the injury occurred without the negligence or fault of

the appellee. We are not altogether clear that the objection is not ill in point of fact, for there are facts stated which inferentially show that the injury was attributable solely to the negligence of the appellant. But we do not deem it necessary to pass upon that question.

It will be observed that the complaint was filed in the commissioners' court, and our decisions establish the rule that no formal pleadings are necessary in such cases. In the case of *Board, etc.*, v. *Ritter*, 90 Ind. 362, the question is thoroughly discussed and the cases reviewed, and it is held that the rules of pleading which prevail in the courts of superior jurisdiction do not apply to complaints in the commissioners' court. In the complaint before us there are facts sufficient to fully apprise the appellant of the nature of the appellee's claim, and to so fully exhibit the character of the controversy as to make a judgment on it a bar to any other action for the same cause. We are satisfied that, under the decision in the case cited and the many decisions there referred to, the complaint is good.

Where a person is suffering from an injury caused by another's negligence, it is proper to prove what was said at the time concerning the character of the pain or hurt. It is not, however, competent to give a narrative of a past occurrence. It was competent to show the character of the highway and its frequent use by travellers at the place where it connected with the bridge. It was competent for the purpose of enabling the jury to get an accurate knowledge of the place where the injury occurred.

Judgments are not reversed because the trial court permits leading questions to be put to a witness, unless it clearly appears that there was an abuse of discretion working injury to the complaining party. In the present case there was no abuse of discretion.

A person injured by the negligence of another may show the character of the injury as it exists at the time of the trial. It is settled law that a plaintiff in such a case may recover for injuries of a permanent character.

The trial court did right in directing the jury that the county was charged with the duty of maintaining its bridges in a reasonably safe condition for travel. *Board, etc.,* v. *Legg,* 93 Ind. 523. It is true that a county is not an insurer of the safety of its bridges, but it is also true that the county is bound to use ordinary care and diligence in constructing and maintaining them.

The definition of ordinary care given by the court is that approved by the authorities. It is in these words: " What constitutes ordinary diligence depends largely on the circumstances of the given case. The general rule of law, however, is that ordinary diligence is that degree of care and prudence which a discreet and cautious person would use in his own affairs were the whole loss or risk to be his own. And this degree of care should be reasonably proportioned to the magnitude of the injury likely to result from the neglect."

The instruction on the subject of notice to the county is unobjectionable. It is not essential that the county officers should have actual notice of the unsafe condition of the bridge, but if the defect has existed such a length of time as that they ought to have taken notice of it, the law will charge them with notice.

What is such a length of time as will charge public officers with notice of a defect in a bridge or highway must, in a great measure, depend upon the circumstances of the particular case, and must, in most cases, be a question of fact to be submitted, under proper instructions, to the jury. It is obvious that a greater length of time should be required in cases of country bridges than in cases where the bridge belongs to a town or city, because it can not be expected that the same oversight can be maintained by county officers whose jurisdiction extends over a large extent of territory, as by city or town officers whose jurisdiction is over a limited territory compactly settled, and who are much better provided with means for ascertaining defects in bridges than county officers.

The court erred in instructing the jury as to the effect of the appellee's knowledge of the unsafe condition of the bridge, but the error was in favor of the appellant. It is quite well settled that a person who knows of the dangerous condition of a bridge or highway may, if the danger is not of such a character that a prudent man would not encounter it, use the bridge in a proper manner, but if he does undertake to use it, he must exercise care proportioned to the known danger. *Board, etc.,* v. *Legg, supra; Nave* v. *Flack,* 90 Ind. 205; *Murphy* v. *City of Indianapolis,* 83 Ind. 76; *City of Huntington* v. *Breen,* 77 Ind. 29; *Toledo, etc., R. W. Co.* v. *Brannagan,* 75 Ind. 490; *Palmer* v. *Dearing,* 93 N. Y. 7.

We can not examine the instructions said to have been asked by the appellant. There are two reasons for this conclusion: 1st. It does not appear that they were asked at a proper time; 2d. They are not in the record except as embodied in the motion for a new trial, and are not properly before us.

Judgment affirmed.

