The Ohio and Mississippi Railway Company v. Walker.

No. 12,955.

## The Ohio and Mississippi Railway Company v. Walker.

NEGLIGENCE.—*Railroad.*—*Street.*—*Trespasser.*—A person who walks upon a railroad track laid along a public street is not a trespasser, and may recover for a negligent injury, if without fault.

SAME.—*Contributory Negligence.*—*Pleading.*—A general averment that the plaintiff was without fault is sufficient, unless the facts specially pleaded clearly show that he was guilty of contributory negligence.

SAME.—*General Averment of Negligence.*—*Uncertainty.*—Negligence may be charged in general terms, and if the defendant desires a more definite statement of the facts, his remedy is by motion to make the complaint more specific, and not by demurrer.

SAME.—*Highway Crossing.*—*Prior Right of Passage as Between Travellers and Railroad Trains.*—While in a sense the rights of travellers and the railroad company upon a highway crossing are equal, yet in respect to the priority of passage the right of the company is superior.

SAME.—*Stopping Train or Slacking Speed at Crossing.*—*Presumption.*—*Instruction.*—A railroad company is not bound to bring its train to a stop or to slacken its speed when a person is seen crossing or about to cross the railroad track at its intersection with a highway or street, but may presume that the traveller will take all proper precautions to avoid injury, and it is error to refuse to so instruct the jury, in a proper case.

EVIDENCE.—*Objections to.*—*Must be Specific.*—Objections to evidence to be available must be reasonably specific. It is not enough to state that the evidence is incompetent, or that it is immaterial or irrelevant, but the particular objection must be fairly stated.

From the Jennings Circuit Court.

*J. B. Brown, A. G. Smith, C. A. Beecher* and *P. Werner,* for appellant.

*J. G. Berkshire* and *T. C. Batchelor,* for appellee.

ELLIOTT, J.—The first paragraph of the appellee's complaint alleges that the track of the appellant crosses Madison street, in the city of North Vernon, at a point where it intersects Main street, and runs along Main street from that point for a distance of three hundred yards; that a hotel, called the Feadler House, stands on the southeast corner of

the two streets; that, on the 8th day of January, 1885, the appellee started to walk from the Feadler House northwest across Main street, along and in Madison street; that, at the time he started across the street, a locomotive and train of cars belonging to the appellant were upon the railroad track some distance to the northeast; that, if moving at all, the locomotive and train were moving very slowly; that the employees of the appellant in charge of the train suddenly, and without ringing the bell or sounding the whistle, and without giving any warning whatever, put the locomotive and train in rapid motion, and, before the appellee could get across or away from the track, they ran the locomotive upon him; that, had the whistle been sounded or the bell rung, appellee could have crossed the track in perfect safety.

The second paragraph differs from the first, in this: it avers that the engineer had negligently left the locomotive in charge of the fireman.

The third differs from the other two, in this: it avers that the train was standing still when Walker attempted to cross. All of the paragraphs contain the general allegation that the plaintiff was without fault.

Walker was not a wrong-doer in going upon the track laid along Main street. He was on a public crossing and in a public highway; for, even had he not been on the Madison street crossing, he would still have been on a public street, as Main street, although used by the railway company, was still a street open to the use of the citizens, so far as that use did not interfere with the right of the railway company to operate its trains.

In the case of *Louisville, etc., R. W. Co.* v. *Phillips*, 112 Ind. 59, we examined this question, and, after reviewing many authorities, reached the conclusion that a person who walks upon a railroad track laid along a street is not a trespasser. Here the case is still stronger, because the plaintiff was on a public crossing as well as on a public street. It is,

therefore, very clear that the decision in *Ivens* v. *Cincinnati, etc., R. W. Co.*, 103 Ind. 27, has no application, for in that case the plaintiff was a trespasser, because he was on the company's track, and not on a street or on a highway crossing.

We have no doubt that the appellant's counsel are right in asserting that if the complaint does not show that the plaintiff was not guilty of contributory negligence it is bad. *Cincinnati, etc., R. R. Co.* v. *Butler*, 103 Ind. 31; *Louisville, etc., R. W. Co.* v. *Phillips, supra; Palmer* v. *Chicago, etc., R. R. Co.*, 112 Ind. 250.

We have again and again affirmed that the complaint must affirmatively show that the defendant was negligent, and that the plaintiff was not.   But, while we agree with counsel that the plaintiff must show these facts, we can not assent to their assertion that the complaint does not show that the plaintiff was free from fault.

The complaint avers, in direct terms, that the appellee was without fault, and this averment makes the pleading good. It has long been the rule in this court that the general averment that the plaintiff was without fault is sufficient, unless the facts specially pleaded clearly show that he was guilty of contributory negligence.   *City of Fort Wayne* v. *De Witt*, 47 Ind. 391; *Town of Salem* v. *Goller*, 76 Ind. 291; *Rogers* v. *Overton*, 87 Ind. 410; *City of Washington* v. *Small*, 86 Ind. 462; *Town of Rushville* v. *Poe*, 85 Ind. 83; *Murphy* v. *City of Indianapolis*, 83 Ind. 76; *Pittsburgh, etc., R. W. Co.* v. *Wright*, 80 Ind. 182; *Board, etc.*, v. *Legg*, 93 Ind. 523.

The rule that the general averment is sufficient has been so long established and so often approved that we should feel bound to adhere to it even if we doubted its soundness; but we think its soundness can be vindicated on principle.   It is in the nature of a negative fact, and an averment of such a fact can not be made with the same particularity as an affirmative one.   The elementary books, recognizing this, agree that in such cases a general averment is ordinarily sufficient. It is evident that any other rule would be practically inca-

pable of enforcement, for a negative fact can seldom be alleged except generally and by way of denial, since any other course would require a process of exclusion and elimination that would lead to an almost endless pleading. If the specific facts absolving the plaintiff from fault must be pleaded, then it would be necessary to enumerate every fact that might be considered as tending to charge him with fault, and negative its existence. In some cases this process of enumeration and exclusion would be practically impossible; in others it would lead to a prolixity of pleading that would do no good, but would produce uncertainty and confusion.

In the case before us it is expressly alleged that the injury was caused solely by the defendant's negligence and without any fault on the part of the plaintiff, and the force of these general averments is not broken by the specific facts pleaded.

It is probably true that there is not that certainty of statement in the allegations of the complaint which charge the defendant with negligence that the strict rules of pleading require, but, granting this to be true, it will not avail the appellant, since the remedy for mere uncertainty in statement is by motion and not by demurrer. It has been long and firmly established in this State that negligence may be charged in general terms, and that if the defendant desires a more definite statement of the facts he must move the court to make the complaint more specific. *Pittsburgh, etc., R. R. Co.* v. *Nelson,* 51 Ind. 150; *Kessler* v. *Leeds,* 51 Ind. 212; *Ohio, etc., R. W. Co.* v. *Collarn,* 73 Ind. 261; *City of Evansville* v. *Worthington,* 97 Ind. 282; *Cleveland, etc.; R. W. Co.* v. *Wynant,* 100 Ind. 160; *Cincinnati, etc., R. W. Co.* v. *Gaines,* 104 Ind. 526; *Louisville, etc., R. W. Co.* v. *Jones,* 108 Ind. 551.

This rule is not without support in principle, and it is well sustained by the decisions of other courts. A recent writer thus states the rule: "A general averment of negligence in a complaint, declaration or petition, is sufficient; the particular acts constituting the negligence need not be, in detail,

The Ohio and Mississippi Railway Company v. Walker.

specifically set out.'' Black Proof & Pleading in Accident Cases, 201. Many decisions are cited in support of this doctrine.

Objections to evidence to be of any avail must be reasonably specific. The particular objection must be fairly stated. It is not enough to state that the evidence is incompetent, or that it is immaterial and irrelevant. This much is implied in the bare fact of objecting. If it be unnecessary to state the particular objection, quite as well say " we object " and done with it, since a mere general objection amounts to nothing more, for it is simply tantamount to an expression of the fact that counsel do object. It is no answer to the proposition asserted by the authorities to say that the evidence itself may reveal the objection, for this may be said of all incompetent and irrelevant evidence, when carefully scrutinized, and, if this be true, then there would be no reason for requiring a specific objection in any case. But there is reason for requiring the particular objections to be stated with reasonable certainty, for, in the hurry of a trial, it can not be expected that particular objections will occur to the judge, although if stated he would readily perceive their force. Counsel, who are presumed to have studied the case, ought to be able to state the particular objections, and if none are stated, it is fair to assume that none exist, since an objection that can not be particularly stated is not worth the making. The rule is a reasonable one, just to the court and not burdensome to the parties, and it has been accepted as the law at least since 1846. *Russell* v. *Branham*, 8 Blackf. 277; *Stanley* v. *Sutherland*, 54 Ind. 339; *Shafer* v. *Ferguson*, 103 Ind. 90, and cases cited; *Louisville, etc. R. W. Co.* v. *Falvey*, 104 Ind. 409; *McKinsey* v. *McKee*, 109 Ind. 209, and cases cited.

Possibly there may be cases where a general objection should be deemed effectual, as, for instance, where it appears upon the face of a written instrument that it can not, under any conceivable theory, be competent; but, however this

may be, a general objection can not be regarded as sufficient in a case like this, where negligence is the issue. Upon such an issue a multitude of facts is often competent, and it is not just to expect that objections will occur to the mind of the trial court upon the bare statement of counsel that they object. But there is another phase of the general rule which makes it imperative on us to pronounce judgment against general objections, and that is this: only the specific objections stated to the trial court are available on appeal. A great number of cases affirm this doctrine. *Wakeman* v. *Jones*, 5 Ind. 454; *Hyatt* v. *Clements*, 65 Ind. 12; *Evans* v. *State*, 67 Ind. 68; *City of Delphi* v. *Lowery*, 74 Ind. 520 (39 Am. R. 98);

This doctrine necessarily implies that objections must be specific.

No attack is made on the instructions given by the court, but, on the contrary, they are highly commended by counsel. We are, therefore, not required to examine them except to ascertain whether they embrace the instructions asked by the appellant and refused by the court. Some of the instructions asked by the appellant are embraced in those given by the court, and others do not correctly express the law, and were for that reason properly refused.

The eighth instruction asked by the appellant is not embraced in those given by the court, and, upon the facts of this case, does, in our judgment, state the law correctly. It reads thus:

"Though a railroad company and the public have equal rights at the intersection of the track of the former with a public highway, those operating a train upon the railroad are under no obligations to slacken the speed of such train, or to bring the same to a stop, when they notice a person crossing, or about to cross, the track at its intersection with the highway; but they may presume that such person will himself take all proper precautions to avoid injury."

In a sense the rights of the traveller and the railroad company upon a highway crossing are equal. Neither has an exclusive right to use it, and both are bound to do what the law requires of them. The right of the company is, however, superior in one respect, and that is, the right to the priority of passage. Of necessity this must be true, since it can not be legally possible that trains must be brought to a halt at every highway crossing in order to allow travellers to cross. But we need not discuss the question, for it is put at rest by the authorities. *Chicago, etc., R. R. Co.* v. *Boggs,* 101 Ind. 522 (51 Am. R. 761); *Louisville, etc., R. W. Co.* v. *Phillips, supra,* and authorities cited.

A traveller who approaches the highway is bound to know that he must yield precedence to the trains, and that he has no right to expect them to slacken speed, much less to stop, and yield him priority of passage. This principle is settled beyond controversy. *Cincinnati, etc., R. R. Co.* v. *Butler, supra,* and cases cited; *Indiana, etc., R. W. Co.* v. *Greene,* 106 Ind. 279 (55 Am. R. 736); *Belt R. R. Co.* v. *Mann,* 107 Ind. 89.

Mr. Beach says of a traveller about to cross a railway track: "He must assume that there is danger, and act with ordinary prudence and circumspection upon that assumption." Beach Contributory Negligence, 191. Many cases are cited by this author declaring the duty of the traveller, and asserting that the company is under no obligation to stop its trains or to slacken their speed. *Ibid,* 198.

Mr. Wood says: "The law does not require the speed of trains to be slackened on approaching the crossing of a public highway in the country when a team is seen approaching it." 2 Am. Railway Law, 1330.

This rule extends to persons on the track where there is nothing to indicate that they are not at liberty to leave it at will, if, indeed, it does not go much further. We again quote from Mr. Beach: "It is to be presumed that a person of mature years will not stand still upon a railway track and

deliberately suffer himself to be run down. It is also a presumption that all men are in the possession of their senses, and will exercise ordinary diligence in times of danger to take care of themselves. It is in accordance with these assumptions held, that when an engineer of a locomotive engine sees ahead of him a man upon the track, he may presume that the man possesses ordinary capacity, that he can see, and hear, and reason from cause to effect, and that, as a train approaches him, he will step aside and not be run over." Con. Neg., 394.

We do not deem it necessary to refer to the cases, but we cite as particularly applicable the strongly reasoned case of *Lake Shore, etc., R. R. Co.* v. *Miller*, 25 Mich. 274, and refer to a few of our own cases: *Palmer* v. *Chicago, etc., R. R. Co.*, 112 Ind. 250, and cases cited; *Indianapolis, etc., R. W. Co.* v. *Pitzer*, 109 Ind. 179; *Terre Haute, etc., R. R. Co.* v. *Graham*, 95 Ind. 286, and authorities cited.

It was the right of the appellant, under the evidence, to have the jury specifically instructed that its employees might presume that the appellee would use all proper precautions to avoid injury. There was nothing taking the case out of the general rule. There was no obstruction of the track, the train was in full view, there was nothing to indicate to the person in charge of it that the appellee was not a man of mature years, and at full liberty to leave the track at will. The train was not running rapidly; on the contrary, it was moving slowly, for its speed was not greater than three or four miles an hour. There was no reason why the ordinary presumption should not prevail; there was no infirmity apparent in the appellee, nothing to indicate that he could not easily step from the track, and there was no indication that he would not protect himself by leaving the track before the train reached him. There was nothing, in short, to rebut the natural presumption that he would leave the track in time to avoid injury. Under such circumstances

The Ohio and Mississippi Railway Company v. Walker.

the instruction was right in its statement of the law and was relevant to the issue and the evidence.

The instructions of the learned judge who tried the case are unusually clear and vigorous, but, on the point under immediate mention, we can not approve their statement of the law, and it is only to this point that we have critically examined them. The fifteenth instruction given by the court contains these statements: "Where a train is approaching, or is about to cross at a street crossing, it is the duty of the engineer to give sufficient signals of the approach of the train, by ringing his bell, or otherwise, as may be usual and not unlawful, and also to approach such crossing at such rate of speed as will enable him to check his train if necessary. More than this can not be required of the company, unless the engineer has actual knowledge or notice of special circumstances demanding special care, as, for example, knowledge by the engineer of a person on the track under such circumstances as would make it seem uncertain to the engineer whether the person would get off or away from the track in time to avoid being struck by the train." The example given as illustrating the meaning intended to be conveyed by the court gives an erroneous effect to the entire instruction. It appears, therefore, that, instead of giving the law as asked by the appellant, the court laid down an essentially different rule. It is unnecessary for us to express any further opinion upon this or any other instruction given by the court, and we refrain from doing so.

Judgment reversed.

Filed Jan. 27, 1888.