## David F. McCabe, Appellee, v. Swift & Company, Appellant.

1. EVIDENCE—*when general objections insufficient.* General objections are not sufficient where the nature of the question is such that it will not clearly appear "at first blush" to be improper.

2. EVIDENCE—*as to when expert evidence competent.* Expert evidence as to the cause of an explosion is competent.

3. EVIDENCE—*when memorandum may be used to refresh recollection.* A witness may properly be permitted to refresh his recollection from a memorandum which he has testified was made by himself from his own memory and was made at the time when he had the facts in mind and was correct at the time he made it.

4. EVIDENCE—*upon what physician may base his opinion.* A physician who has treated a plaintiff suing for personal injuries may predicate his opinion as well upon subjective as objective symptoms and may state what such opinion is and his reasons therefor.

5. MASTER AND SERVANT—*duty of former as to methods of doing work.* The master is not required to adopt the usual method of doing particular work; all that he is required to do is to exercise reasonable care to adopt a method reasonably safe.

6. INSTRUCTIONS—*particular phrases condemned.* The phrase "would not be likely to discover by the use of ordinary care," is improper, the proper language is "could not have discovered by

the exercise of reasonable care;" likewise, the phrase "known or which should have been known to the defendant," is inapt, the appropriate expression is "known or which by the exercise of reasonable skill and care would have been known."

7. INSTRUCTIONS—*approved form as to what does not tend to show negligence.* An instruction upon this subject as follows approved:

"In cases of this nature the mere fact of the accident of itself alone is not any evidence of negligence on the part of the defendant, but before the plaintiff can recover, he must prove that the defendant was guilty of negligence, as charged in the declaration, and that this negligence was the cause of this explosion and injury to the plaintiff."

Action in case for personal injuries. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1908. Reversed and remanded. Opinion filed September 12, 1908.

C. E. POPE, for appellant.

D. E. KEEFE, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of St. Clair county, by appellee against appellant, to recover for a personal injury sustained by appellee while in the service of appellant as a machinist's helper. Verdict and judgment in favor of appellee for $3,000.

The declaration consists of two counts, but for the purpose of this opinion it will be sufficient to state the substance of one of them.

Appellant was operating a large meat packing plant, and appellee was employed in its machinery department as a helper. It was the duty of appellee to assist the machinist in charge of that department, and to do whatever work and perform whatever duty was assigned to him by that machinist. It is stated that on the day of appellee's injury, the machinist commanded him to disconnect a piston rod from the piston that was attached thereto; that he was a young man and

inexperienced about mechanical work; that appellant carelessly and negligently directed him to take the piston rod to a blacksmith shop and heat it so that it could be disconnected; that the piston was hollow and had in it water or vapor, which if heated to a high degree would cause an explosion; that appellant knew this fact or should have known it "by the exercise of reasonable care" and that he did not know it and that it was not discoverable by him by the use of ordinary care on his part; that appellant gave him no warning of the danger of an explosion, nor any instructions or directions with respect to such danger; that he obeyed the directions given him and took the piston and rod to the blacksmith shop, placed it in the fire and proceeded to apply heat to it, as he was directed to do, and while he was in the exercise of ordinary care for his own safety, the piston exploded with great force, throwing broken iron, fire and coal upon his hands, body, face and arms, severely burning and injuring both his eyes, and bruising his body and limbs; that he suffered great pain, incurred large expenses in and about endeavoring to be cured, lost much time from his business, and that one of his fingers had to be amputated and the sight of both of his eyes was permanently impaired.

Counsel for appellant contends that appellee's case is wholly unsupported by the evidence and that the trial court erred in refusing to direct a verdict in favor of appellant. In our judgment appellee's case is not unsupported by evidence and we think it is not without merit.

Counsel complains of many errors in the rulings of the trial court with respect to the admission and rejection of evidence and with respect to the giving and refusing of instructions. Some of these complaints, we think, are well founded, and inasmuch as the judgment of the Circuit Court will be reversed for "errors of law" and will be remanded and may be tried again, we will not discuss the evidence in detail, nor at all,

further than is necessary in the discussion of the questions of law raised by counsel.

As to many of the rulings of the trial court with respect to the admission and rejection of evidence, counsel is not in position to avail of his objections; they being merely general objections.  The rule with respect to the sufficiency of objections is, that the general objections are not sufficient where the nature of the question is such that it will not clearly appear "at first blush" to be improper.  In Ohio and Mississippi Railway Co. v. Walker, 113 Ind. 196 (200), the court, in an opinion by Mr. Justice Elliott, states the rule and the reasons for it as follows: "Objections to evidence to be of any avail must be reasonably specific.  The particular objection must be fairly stated.  It is not enough to state that the evidence is incompetent, or that it is immaterial and irrelevant.  This much is implied in the bare fact of objecting.  If it be unnecessary to state the particular objection, quite as well say, 'we object' and be done with it, since a mere general objection amounts to nothing more, for it is simply tantamount to an expression of the fact that counsel do object.  It is no answer to the proposition asserted by the authorities to say that the evidence itself may reveal the objection, for this may be said of all incompetent and irrelevant evidence, when carefully scrutinized, and, if this be true, then there would be no reason for requiring a specific objection in any case.  But there is reason for requiring the particular objections to be stated with reasonable certainty, for in the hurry of a trial, it cannot be expected that particular objections will occur to the judge, although if stated he would readily perceive their force, counsel, who are presumed to have studied the case, ought to be able to state the particular objections, and if none are stated, it is fair to assume that none exist, since an objection that cannot be particularly stated is not worth the making."  The rule is a proper rule.  It is not burden-

some to the competent lawyer, is but reasonable fairness to his adversary, and is just to the court.

The piston in question was made of cast iron, circular in shape, about fourteen inches in diameter and was hollow. A rod ran through the center of the piston. This rod was about six or eight feet long and had become so worn that it was necessary to take it out and put in a new one, and it was tight and hard to get out. The method finally resorted to was that stated in the declaration and the result was an explosion as there stated.

Appellee produced a number of expert witnesses who were permitted by the court to testify. This class of evidence properly based and properly limited would be proper with respect to the questions, whether the explosion resulted from the presence of water and vapor in the hollow of the piston; whether appellant would, by the exercise of reasonable skill and care, have known that the piston probably contained water or vapor, and whether the method adopted for removing the rod was a reasonably safe method.

We will consider in detail the few exceptions based on specific objections only, and inasmuch as the case may be tried again, will add some general discussion as to the many exceptions based on general objections. The witness Cook, in one of his answers, stated that the iron often becomes very porous, so that you can run a pin into it a quarter or half an inch. Appellant moved to exclude this answer, because it was not shown that the piston in question was in that condition. Under the particular facts of this case, this motion should have been granted. The entire testimony of the witnesses Bruner and Kirkpatrick is challenged on the ground that these witnesses were not experts. This challenge is not well sustained. We think the evidence shows that each of them was sufficiently qualified to make their testimony admissible. The testimony of the witness Mallet is challenged on the same ground, and we are of opinion that he was not suffi-

ciently qualified and should not have been allowed to testify as an expert. The witness Kirkpatrick was asked, "What is the usual and customary method of removing a piston head from a rod?" This was objected to on the ground that "it did not tend to prove any issue in the. case," and counsel called the attention of the court to issues in the case. We think the objection should have been sustained. The primary question was whether the particular method adopted in this particular case was a reasonably safe method under the circumstances. It is true that when evidence has been introduced tending to prove that the method adopted is not a reasonably safe method, it may be followed up by an inquiry as to whether there is any reasonably safe method generally known and in general use. This, it will be observed, is quite different from the question objected to. As the question objected to presented the case to the jury, it required appellant to adopt the usual and customary method, without reference to the question of whether the method it did adopt was reasonably safe or not; and without reference to the fact of whether the usual and customary method was safe or unsafe. All that the law required of appellant with respect to the method adopted in doing the work was that it exercise reasonable skill and care to adopt a reasonably safe method. The witness Kirkpatrick was also asked: "Now, in view of your experience with hollow pistons, where there is a piston of the kind I have already described to you, where that was placed in a blacksmith's fire, and within from three to five minutes after it was placed in there, there was an explosion and a piece on the flat side of the piston was blown out the size of an ordinary machinist's hand, what would you say was the cause of the explosion?" This question was objected to on the ground "that it was not a matter subject to expert testimony." This objection was properly overruled. Very little of the expert testimony objected to generally was properly based and in proper

form. Some of the witnesses tell how they would do
the work, others tell how it is done in other shops, and
still others undertake to state the usual and customary
method; in some cases the hypotheses are within the
evidence, in other instances the answers are not re-
sponsive and contain vicious matter, one witness hav-
ing been asked an improper question and in leading
form, answered: ''That is what any common sense
man would do.'' The scope of proper inquiry of this
class of expert witness, in chief, is usually very nar-
row; and the safety of a case depends often upon coun-
sel keeping within the limit.

The physician who treated appellee for the injuries
sustained by reason of the explosion complained of,
testified, among other things, to the extent to which
appellee had lost the power of vision, and said that in
making the examination and tests he relied in part
upon what appellee told him with respect to his abil-
ity to see certain objects at certain distances from his
eyes. And in giving his testimony, this witness re-
freshed his recollection by reference to a memorandum
which he held in his hand. Counsel objected to his
being allowed to consult the memorandum, on the
ground that it was not made on the day of the treat-
ment, and on the further ground that the witness could
not remember exactly when it was made. We think
the court properly overruled this objection. The wit-
ness testified that he made the memorandum himself,
that he made it from his own memory, that at the time
he made it he had the facts in his mind, and that the
memorandum correctly states the facts as they were
at the time. With reference to the time when he made
it, he said: ''I see so many cases, I cannot remember
exactly when I made this memorandum.'' ''I don't
think I made that the same day I saw him. I think I
made it sometime afterwards, I don't know exactly
how long.'' This meets the requirements of the rule
as we understand it. Counsel also moved to exclude
this witness's testimony with respect to appellee's

power of vision, on the ground that "his evidence is based on answers and information imparted to him by appellee himself." Counsel cites C. & E. I. R. R. Co. v. Donworth, 203 Ill. 192, and Chicago Union Traction Co. v. Giese, 229 Ill. 260. In neither of the cases cited did the physician who testified ever treat the patient, or examine him for the purpose of treating him. In one case the physician who made the examination was employed to make it "for the purpose of giving testimony on the trial," and in the other case the physicians were employed to make the examination "for the purpose of reporting to the patient's attorneys, to enable them to determine upon taking the case," and for the purpose of qualifying themselves to "testify as witnesses." The evidence does not bring the case at bar under the rule applied in the cases cited. In this case the physician had treated appellee for the injuries caused by the explosion from the day of his injuries, and had not finally discharged him. The examination was made on the 26th of June, 1907, and not for the purpose of preparing a case or being a witness. The case was not commenced until August 15, 1907. And further, the witness was able to state from mere inspection substantially all that he did state that was of material value to appellee.

The court gave at the instance of appellee three long instructions, covering full three pages of the abstract, each more or less defective. In the first it is said that it was the duty of appellant to warn appellee of danger which he "would not be likely to discover by the use of ordinary care." This duty would be better expressed in the words ordinarily employed for that purpose, viz.: which he "could not have discovered by the exercise of ordinary care." The words "not be likely" to discover, appear to us to minimize the duty. And the instruction states the duty of appellant to warn appellee of danger "known or which should have been known to the defendant." This duty is not fairly stated, it also would have been better stated in

the ordinary form: "known or which by the exercise of reasonable skill and care would have been known to the defendant." The expression was "not likely to discover" also appears in the second instruction. And in the second instruction the duty of appellant is stated in the words, was known to the machinist or "should have been known to him." This would be more correctly stated as above suggested, by the use of the words: "or by the exercise of reasonable skill and care would have been known to him." The third authorizes the jury to award damages for loss of capacity to earn money in the future. We do not find sufficient warrant in the evidence for that clause in the instructions.

Counsel complains of the action of the trial court in refusing three instructions asked on behalf of appellant. These instructions appear in the abstract as Nos. 16, 17 and 20. No. 16 was properly refused, the full substance of it is embraced in appellant's given instruction No. 19. The 17th and 20th are substantially correct when applied to the particular issues and evidence in this case, and are material. They should both have been given and are as follows:

17. "In cases of this nature the mere fact of the accident of itself alone is not any evidence of negligence on the part of the defendant, but before the plaintiff can recover, he must prove that the defendant was guilty of negligence, as charged in the declaration, and that this negligence was the cause of this explosion and injury to the plaintiff."

20. "The court instructs you that it is alleged in each count of the plaintiff's declaration that when the piston in question was placed in the fire, said piston had in it a quantity of water and vapor; and the declaration further avers that the fact of the existence of the water and the vapor in the piston was well known to the servant of defendant, or by the exercise of ordinary care should have been known to him; and it further alleges that this fact of the water and vapor being in the piston was unknown to the plaintiff, and by the

exercise of ordinary care was not discoverable by him.

"The court further instructs you that these allegations are material ones, and if you find from the evidence that the defendant or its servant did not know, or by the exercise of reasonable care could not have known that water or vapor was in the piston, then you are instructed that the plaintiff could not recover in this case."

For the errors above noted the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*