MULLIS *v.* CAVINS.

| 5b 77 |
|143 372|

A conveyance of real estate is not admissible evidence for the grantee, without proof of its execution, although there be attached to it a certificate of its having been duly acknowledged.

The petitioner for a ferry must produce some other evidence of title to the land, on which the ferry is prayed to be established, than the mere fact of his being in possession.

ERROR to the *Washington* Circuit Court.

BLACKFORD, J.—The board of commissioners of *Washington* county granted a ferry, on the east fork of White river, to *Cavins*. *Mullis*, as a party aggrieved by the grant, appealed to the Circuit Court, and the grant was confirmed.

On the trial in the Circuit Court, *Cavins* offered in evidence a deed of conveyance to him from one *Cox* for the

*May Term, 1839.*

MULLIS
*v.*
CAVINS.

*Monday, May 20.*

May Term, 1839.

THE OHIO, &c. Co. v. RIDGE.

land on which he wished to have the ferry established. The deed was objected to, but was admitted.

The objection to the admission of the deed was, that its execution was not proved. It was admitted in evidence, on the ground that there was attached to it the certificate of a justice of the peace, of its having been acknowledged before him by the grantor. The question, whether a deed to the party offering it, which appears to have been acknowledged and recorded, is admissible without proof of its execution? was decided in the negative a few years ago in the case of *White* v. *McDowell*, *Ind.* Dist. Court, *U. S.*, *May* term, 1833. We consider that decision to be correct. The same opinion, indeed, has been recently expressed by this Court. *Bowser* v. *Warren*, 4 Blackf. 522. The Court erred, therefore, in admitting the deed in evidence.

It is contended, that it was not necessary for *Cavins* to show that he had a conveyance for the land, but that possession was, of itself, *prima facie* sufficient evidence of his title. It may be answered to this, that the record contains all the evidence given at the trial, and it does not appear that *Cavins'* possession of the land was proved. But, independently of that circumstance, we do not think that the mere fact of possession, is *prima facie* sufficient evidence of title to the land, under the statute, to authorise the grant of a ferry to the possessor. Rev. Code, 1831, p. 259.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*H. P. Thornton* and *R. W. Thompson*, for the plaintiff.
*J. W. Payne*, for the defendant.

