## REED v. DOUGAN ET AL.

PRACTICE.—*Supreme Court.*—*Harmless Error.*—Where a demurrer to one paragraph of a pleading consisting of several paragraphs is overruled, and on the trial of such cause a finding and judgment are had on a different paragraph, on appeal to the supreme court such ruling is not available as error.

PRINCIPAL AND AGENT.—*Pleading.*—*Evidence.*—*Estoppel.*—Where, during a delay occurring between the date of the sale and the conveyance of the real estate of the defendant to a third person, the plaintiff, being the tenant of the defendant on such real estate, makes certain improvements thereon without any authority from any one, and the defendant undertakes with the plaintiff to collect, and does collect, of such third person the value of such improvements, for the plaintiff, the defendant thereby becomes the agent of the plaintiff and is liable to the latter for the amount so collected in an action therefor, and can not introduce evidence on the trial of such cause, to show that such improvements were made without authority.

From the Wayne Circuit Court.

*J. B. Morris*, for appellant.

*A. B. Young*, for appellees.

WORDEN, C. J.—This was an action, by the appellees,

against the appellant. Issue, trial by jury, verdict and judgment for the plaintiffs.

The complaint consisted of six paragraphs. A demurrer to the sixth, for want of sufficient facts, was overruled. This ruling is assigned for error. But upon examining the evidence, all of which is contained in the record, we find none offered in support of the sixth paragraph. This is conceded by counsel for the appellant. The recovery was had upon some of the other paragraphs. Hence, it affirmatively appears that, if the ruling on the demurrer was wrong, the appellant was not injured thereby. We shall, therefore, not consider the sufficiency of the sixth paragraph, but treat it as if it were out the record.

The first and second paragraphs of the complaint were much alike, and they alleged, in substance, the following facts: The plaintiffs occupied a certain ware-house belonging to the defendant, and, while they were in the occupancy thereof, the defendant bargained the same to one Cushing, but in consequence of litigation in respect to the title to certain property which the defendant had received from Cushing, in part consideration for the ware-house, he did not make to Cushing a deed for the ware-house for about six months from the sale. In the mean time, that is, between the making of the sale and the making of the deed for the ware-house, the plaintiffs put necessary repairs upon the building, of the value of a little more than seventy-seven dollars. The defendant, being about to make a settlement with Cushing of the matters between them, suggested to the plaintiffs that they make out their bill for the repairs and leave it with him, and he would collect the same and save it for the plaintiffs, in his settlement with Cushing. This was done and the money was collected by the defendant, who refused to pay it over to the plaintiffs on a proper demand therefor.

One of the errors assigned is, that the complaint fails to state facts sufficient to constitute a cause of action. Without looking into the third, fourth or fifth para-

graphs, which are more in the nature of common counts, we are of opinion that the first and second state facts sufficient. The objection urged to them is, that it does not appear in any way that the plaintiffs, as tenants, were authorized to make the repairs at the expense of the landlord; in other words, it does not appear that the plaintiffs had any right of action for the repairs, either against the defendant or Cushing. We think it was entirely immaterial whether they had or had not. The plaintiffs had made repairs on the building after the equitable title had vested in Cushing by his purchase. The defendant undertook to collect and did collect the claim from Cushing, for the plaintiffs. The defendant having collected the claim for the plaintiffs, it does not lie in his mouth to say that they were not entitled to it. As well might a lawyer, who has collected a claim for his client without suit, refuse to pay it over on the pretext that the supposed debtor had some defence to the claim.

The evidence tends strongly to make out the case stated in the first and second paragraphs of the complaint. The bill for the repairs was made out nominally against Reed, or Reed & Son, but this does not change the substantial merits of the case. It was proved by one witness, J. W. Simmons, that the defendant sent word by him, the witness, to the plaintiffs, to make out a bill of the repairs on the building and hand it to him, the defendant, and he would try and have it allowed. The bill was accordingly made out. It was proved by another witness that in the settlement between the defendant and Cushing, the amount of the bill was deducted from what the defendant was owing Cushing. This was equivalent to a direct payment of the money by Cushing to the defendant.

That the defendant, when he made the settlement with Cushing, regarded the amount of the bill for repairs as coming to the plaintiffs from Cushing, is shown by his own version of what he told Simmons. He said, as a witness, "I told Simmons he might state to Dougan that

as I had sold the property cheap he might collect his bill of repairs of Cushing if he could."

We can not disturb the case on the evidence.

On the trial of the cause, while Dougan, one of the plaintiffs, was on the stand testifying as a witness, the defendant asked him the following question, viz., "Did either Cushing or Reed authorize you to make the repairs on the ware-house, mentioned in the bill you made out?" An objection to this question was sustained. And afterwards, while the defendant, Reed, was on the stand testifying as a witness, his counsel propounded to him the following question, viz., "State what you said, if anything, to Dougan and Sarvant about repairing the ware-house, before the repairs were made which are charged in the bill?" To this question the plaintiffs objected, and thereupon the defendant offered to prove by the witness that the plaintiffs made the repairs mentioned without the authority of defendant or Cushing, while they occupied the ware-house as tenants, to show that the plaintiffs never had any legal claim against Cushing or the defendant. But the objection was sustained and the evidence excluded. These rulings of the court are claimed to have been erroneous. We are of a different opinion. The evidence sought to draw into controversy an utterly immaterial matter. Whether or not the plaintiffs had a legal claim against the defendant or Cushing for the repairs, is a question of no importance whatever for the purposes of this action. Assuming that the plaintiffs had no legal claim against either for repairs, the defendant is in this condition; he undertook to collect and did collect the claim from Cushing, for the plaintiffs, and having thus collected it he can not refuse to pay it over on the ground that plaintiffs were not legally entitled to pay, for the repairs, either from the defendant or Cushing. In collecting the money, the defendant must be regarded as having acted as the agent of the plaintiffs, and having collected the money, he can not now be permitted to dis-

pute their right to it. *Daniels* v. *Barney,* 22 Ind. 207; *The United States Express Co.* v. *Lucas,* 36 Ind. 361.

The judgment below is affirmed, with costs and ten per cent. damages.