No. 10,066.

## BOARD OF COMMISSIONERS OF ORANGE COUNTY v. RITTER ET AL.

BOARD OF COMMISSIONERS.—*Statement of Claim.—Itemized Account.—Pleading.*—Under section 5761, R. S. 1881, in force since May 6th, 1853, in presenting a claim to the board of commissioners for allowance, no formal complaint is necessary in the statement of such claim; but an itemized account, giving "a detailed statement of the items and dates of charge," is sufficient. On this point *Board, etc.*, v. *Hon*, 87 Ind. 356, is overruled.

SAME.—*Township Trustee.—Overseer of the Poor.—Medical or Surgical Services to Paupers.—Contract by County Board with Physicians and Surgeons.—Duty of Township Trustee.—Defence.*—Under the statutes of this State, the paupers of each county must, in any event, receive necessary medical or

surgical attention at the expense of the county. It is the duty of the county board to contract with physicians to attend upon the poor generally in the county ; but the township trustee, as overseer of the poor, has the oversight and care of all poor persons in his township, so long as they remain a county charge, and must see that they are properly relieved and taken care of. Where a physician or surgeon is employed by a township trustee to attend upon a pauper in his township, if the county board had at the time of such employment and service a contract with some other physician or surgeon.to attend upon the poor of such township, this is matter of defence, to be shown by the county board, to any claim presented for allowance by the physician or surgeon employed by such township trustee.

SAME.—*Contract with Physician or Surgeon.*—*Judicial or Administrative Duties.*
—*Parol Evidence.*—In making a contract with a physician or surgeon for attendance upon the poor generally of the county, the county board does not act judicially, but in the discharge of an administrative duty; and while the minutes of the county board ought to show a memorandum at least of such contract, yet, if they fail to do so, the contract is not thereby invalidated, but may be established by parol evidence.

PRACTICE.—*Certificate of Township Trustee.*—*Competent Evidence.*—*Error.*—
Where the certificate of a township trustee is made a part of the claimant's demand, as presented to the county board, the admission of such certificate in evidence is not an error available for the reversal of the judgment.

From the Orange Circuit Court.

*W. Farrell,* for appellant.

*T. B. Buskirk,* for appellees.

HOWK, J.—The appellees, John A. Ritter and Theophilus P. Carter, under the firm name of Ritter & Carter, presented to the appellant for allowance two claims or accounts; each for medical and surgical services rendered by them, at the request of the township trustee, to paupers of Orange county. Each of these claims was disallowed by the appellant, and from its action in each case an appeal was taken by the claimants to the circuit court of the county. The two cases were there pending on the 23d day of January, 1882, at an adjourned term of the court, and, by agreement of the parties, were then and there consolidated.

Issues were formed in the consolidated cause, and were submitted to a jury for trial, and a verdict was returned for

the appellees, assessing their damages in the sum of $55.50. Over the appellant's motion for a new trial, and its exception saved, the court rendered judgment against it and in appellees' favor for their damages and costs.

In this court the appellant has assigned the following erors:

1. The complaint does not state facts sufficient to constitute a cause of action;.

2. The court erred in overruling the demurrer to the complaint; and,

3. The court erred in overruling the motion for a new trial.

The first two of the alleged errors call in question the sufficiency of the appellees' cause of action or claim against the appellant, the one before, and the other after, the verdict of the jury. As we have already said, the appellees, in their firm name of Ritter & Carter, presented to the appellant, for allowance, two claims or accounts, in substance as follows:

1. " *Orange County, Indiana, to Ritter & Carter, Dr.*
"To services rendered Ide Beck, June 17th, 1881,
    accouchement of wife . . . . . . . . . . . . .$10 00
"To services rendered Samuel Owens, pauper, adjusting fracture of femur, March 8th, 1881 . . .  10 00
"To services rendered Sarah Hanmer, pauper, accouchement and delivery with instruments, February, 1881 . . . . . . . . . . . . . . . . .  25 00

        " Total . . . . . . . . . : . . . . . . .$45 00."
This account was verified by the affidavit of John A. Ritter, and is followed in the record by an order as follows:
"OFFICE OF TRUSTEE OF ORANGEVILLE TOWNSHIP,
        "ORANGE COUNTY, IND., June 17th, 1881:
" DR. JOHN A. RITTER: You are hereby authorized to attend the wife of Ide Beck, a poor person of this township, during her sickness, which is now imminent, and charge the same to account of Orange county.
        " Respectfully and truly yours,
            (Signed)   " WILL T. HICKS, Trustee."

Then follows in the record a certificate in substance as follows:

"ORANGEVILLE, IND., September 6th, 1881.

*"To the Board of Commissioners of Orange County:*

" The claim of Dr. John A. Ritter for attention given to Samuel Owens, a pauper, broken leg, last February, and also to Sarah Hanmer, a pauper, child-birth, same month, is just and should be paid.      (Signed)    WILL T. HICKS,

" Trustee Orangeville Township."

2. Appellees' second cause of action was stated substantially as follows:

"PAOLI, IND., September 6th, 1881.

*Orange County, Indiana, to John A. Ritter and Theophilus P. Carter, partners, doing business under the name of Ritter & Carter,* Dr.

" To  services  rendered  James  Mitchell,  pauper. (Items omitted from January 26th to March 28th, 1881).    Total . . . . . . . . . . . . . . . . $35 00."

This claim was verified by the affidavit of John A. Ritter, and with it was filed an order in substance as follows:

"NORTHWEST TOWNSHIP, February 3d, 1881.

" DR. JOHN A. RITTER—SIR: You are authorized to give James Mitchell, a pauper of this Northwest township, such medical and surgical aid as his case demands.

(Signed)  " JAMES W. McCAULEY,

" Trustee Northwest Township."

In discussing the sufficiency of the appellees' claim or cause of action, the appellant's counsel says:  " The point we desire to make against the complaint is, that before a physician can recover in an action against a board of commissioners for medical services rendered to the poor, he must allege in his complaint, and prove on the trial, that the board of commissioners had made no provision for medical attendance on the poor of the township wherein the services were rendered, or that there existed such an emergency as precluded the attendance of the regularly employed physician."

What must be alleged in appellees' claim or cause of action is properly called in question by the first two alleged errors; but neither of these errors presents any question in relation to what the appellees must "prove on the trial." Appellant's counsel bases his argument against the sufficiency of appellees' claim or cause of action in this case upon the provisions of section 5764, R. S. 1881. This section took effect on the 5th day of March, 1859, and has never been expressly repealed. In this section it is provided as follows:

"It is hereby specially made the duty of such board to contract with one or more skilful physicians, having knowledge of surgery, to attend upon all prisoners confined in jail, or paupers in the county asylum, and" (the board) "may also contract with physicians to attend upon the poor generally in the county; and no claim of a physician or surgeon, for such services, shall be allowed by such board except in pursuance of the terms of such contract: *Provided,* That this section shall not be so construed as to prevent the overseers of the poor, or any one of them, in townships not otherwise provided for, from employing such medical or surgical services as paupers within his or their jurisdiction may require."

Counsel says, *arguendo*: "Under the provisions of this section, it would seem that a complaint, to show a good cause of action againt a board of commissioners, should negative the existence of the very state of facts which, if they do exist, would prohibit the board from making any allowance for such services. If such allegations are necessary in an action originally instituted in the circuit court, no reason is apparent why they are not as essential in a claim filed before the board of commissioners."

The gist of this argument, as we understand it, as applied to the case in hand, is, that appellees' claims against the appellant were bad on demurrer thereto, for the want of facts, because they did not contain a negative averment to the effect that at the time the services were rendered the appellant had not provided by "contract with one or more

skilful physicians, having knowledge of surgery," for such medical and surgical services to the paupers in the townships mentioned as they required. We are of opinion, however, that such a negative averment was not at all necessary to the sufficiency of appellees' claim or cause of action, even if the suit thereon had been "originally instituted in the circuit court." In section 6071, R. S. 1881, in force since May 6th, 1853, it is provided as follows: "The overseer of the poor in each township shall have the oversight and care of all poor persons in his township so long as they remain a county charge, and shall see that they are properly relieved and taken care of in the manner required by law." In *Conner* v. *Board,* etc., 57 Ind. 15, on the subject of the employment of such medical or surgical services as paupers may require, this court said:

"The spirit and intention of the legislation of this State, on this subject, seem to require that the paupers of each county shall, in any event, receive necessary medical or surgical attention, at the expense of the county. The county board may 'contract with physicians to attend upon the poor generally in the county,' and, in case of such contract, the law provides, that 'no claim of a physician or surgeon for such services shall be allowed by such board except in pursuance of the terms of such contract.'" Section 5764. "The expense of all such services, under such employment, is a proper charge against the county."

It will be observed that section 5764, by the express terms of its proviso, "shall not be so construed as to prevent the overseers of the poor, or any one of them, in townships not otherwise provided for, from employing such medical or surgical services as paupers within his or their jurisdiction may require." In the light of this proviso, as construed with other statutory provisions on the same subject, we are of opinion that the appellees' claims, in this case, were sufficient to withstand the demurrer thereto; and that the fact, if it were the fact, that the appellant had, at the time specified in such claims,

a " contract with physicians to attend upon the poor generally in the county," was not a fact to be negatived by the appellees in their claims, but it was one to be shown by the evidence of the appellant as matter of defence.

Under the provisions of section 5761, R. S. 1881, in force May 6th, 1853, and still in force, " the claimant shall file with such commissioners a detailed statement of the items and dates of charge." This is all the complaint or cause of action the statute requires, or has required for more than thirty years, in such a case as the one at bar. In *Board, etc.*, v. *Wood*, 35 Ind. 70, the appellee's claim or cause of action was an itemized account, and, upon demurrer thereto, this court said: " The facts stated in the claim, or account, are sufficient. No formal complaint in such a case is necessary. In presenting claims to the board of commissioners for allowance, it is sufficient to make out the account in the form used in this case, and the law does not contemplate the filing of a new complaint in the appellate court." So, in *Board, etc.*, v. *Shrader*, 36 Ind. 87, where the appellee's claim or cause of action was a mere statement of account, and it had been assigned as error that the claim did not state facts sufficient to constitute a cause of action, this court said: " We think this claim was sufficient. It was not necessary to allege in it all steps, which the law required to be taken to render the county liable. Under the allegation that the county was indebted to him, we think the claimant might introduce evidence of the facts necessary to show the liability." So, also, in *Board, etc.*, v. *Adams*, 76 Ind. 504, this court said: " Fault is found with the structure of appellee's claim or complaint, and doubtless, if the action had been commenced in the circuit court, the criticism of counsel would have prevailed. The same strictness in pleading is not, however, required in the commissioners' court as in courts of general superior jurisdiction. In the case of *The Board, etc.*, v. *Wood*, 35 Ind. 70, it was said: ' No formal complaint, in such a case, is necessary.' A claim in the form of an ordinary account is sufficient. *The Board,*

*etc.,* v. *Shrader,* 36 Ind. 87; *Jameson* v. *The Board,* etc., 64 Ind. 524."

It is clear, we think, from the language of the statute and from the previous decisions of this court, that the appellees' claims in the case in hand stated facts sufficient to constitute causes of action, and that the demurrers thereto were correctly overruled.

Whatever was said in *Board, etc.,* v. *Hon,* 87 Ind. 356, which may seem to be in conflict with what is said in this opinion, and with the previous decisions of this court herein cited, must be regarded as overruled.

Under the alleged error of the court in overruling the motion for a new trial, the first question presented by the appellant's counsel in argument, relates to the sufficiency of the evidence to sustain the verdict. In discussing this question counsel concedes at the outset that the evidence clearly shows that the services sued for were rendered by the appellees to the parties named, and at the times mentioned, and were of the value charged therefor. Counsel says: " The position of the appellant is, that at the time and under the circumstances under which the services were rendered, the county was not liable therefor." In support of this position, counsel then enters upon an elaborate and lengthy review of the evidence in the record. It is unnecessary, and, we think, would be unprofitable, for us to follow counsel in his examination of the evidence. From our reading of the evidence, as it appears in the record, it seems to us that it fairly tended to sustain the verdict of the jury on every material point. In such a case, as we have often decided, we can not disturb the verdict on the evidence; nor can we say, from the evidence, that the damages assessed were excessive; indeed, if the assessment of damages had been larger than it was, it would have seemed to us to have been warranted by the evidence.

Appellant's counsel also insists that the trial court erred in permitting the appellees to prove, by oral evidence, a parol

contract between them and the appellant, under which they rendered the medical and surgical services to the paupers named in the complaint, and sued for in this action. The court did not err, we think, in the admission of this evidence. While it is no doubt true that such a contract should be re-duced to writing in some manner, yet the statute does not re-quire a written contract, nor make its validity dependent upon formalities of any kind. In making contracts with physicians to attend upon the poor generally in the county, the board of commissioners acts in an administrative capacity, and not as a court, in the discharge of a duty imposed upon the board by statute. Doubtless, the minutes of the county board ought to show in some way the making of such a con-tract; but if they do not—if, through oversight or otherwise, no note or memorandum of the contract is entered upon the minutes of the board, we are clearly of the opinion that the contract is not thereby invalidated, and, in such case, its terms and conditions may be shown by parol evidence. Thus, in *McCabe* v. *Board, etc.*, 46 Ind. 380, this court said:

"We do not find any case which decides that the board, when acting as a corporation merely, must enter its action of record, to make it binding upon the county, or that requires that, in proving such act, it must be proved by a record made under the direction of the board. We have not discovered anything in the statute, relating to the board of commission-ers, or its powers and duties, which would seem to prevent it from contracting within its legitimate sphere as other cor-porations may contract. * * * * If we are correct in this view of the question, the commissioners may contract in the same manner as any other corporation. The rule relat-ing to the manner in which a corporation may bind itself has in modern times undergone a great change. In the work of Angell & Ames on Corporations, section 237, the rule is laid down, 'that the acts of a corporation, evidenced by vote, written or unwritten, are as completely binding upon it, and are as complete authority to its agents as the most solemn acts done

under the corporate seal; that. it may as well be bound by express promises through its authorized agents, as by deed; and that promises may as well be implied from its acts and the acts of its agents, as if it had been an individual.'" *Ross* v. *City of Madison,* 1 Ind. 281; *Board, etc.,* v. *Slatter,* 52 Ind. 171; *Halstead* v. *Board, etc.,* 56 Ind. 363.

If the county board may bind the county by a parol contract, and surely it may, it follows of necessity that such contract may be proved by parol evidence.

It is insisted by appellant's counsel that the court erred in permitting one of the appellees, as a witness, to give in evidence a conversation between himself and the members of the county board, while in session, upon the presentation of the claims in suit. It is claimed that the evidence was calculated to, and did, mislead and confuse the jury; but we do not think that it had such tendency or effect. Its tendency was to show that the appellant, at the time, recognized its liability to the appellees for their surgical services to paupers. The evidence seems to us to have been of little weight or importance, but we think it was competent for what it was worth.

Appellant's counsel claims that the court erred in admitting, as evidence, the writing addressed to the appellant and signed by the township trustee, under date of September 6th, 1881. This writing appears to have been a part of the claim or cause of action presented by appellees to the appellant, and, as such, it is heretofore set out in this opinion. The writing constituted a part of the proceedings in the case, and there was no error in its admission in evidence. *New Albany, etc., Plank Road Co.* v. *Stallcup,* 62 Ind. 345.

Finally, it is claimed by appellant's counsel that the trial court erred in excluding evidence offered by appellant for the purpose of showing that during the time the appellees' services to the paupers named were rendered, the appellant had a contract with Dr. John A. Ritter, Jr., for his services as a physician to the poor in Orangeville and Northwest townships, in Orange county; that the said Ritter, Jr., gave bond

as such physician, and that for his services, as such physician, he had been paid by the appellant. The offered evidence was excluded by the court on the ground of its irrelevancy and incompetency. The court did not err, we think, in excluding this evidence from the jury, for it did not show, nor tend to show, that the appellant had not made the contract, under which appellees' services were rendered, precisely as the same was stated in their evidence. It was not controverted in appellees' evidence that the appellant had not contracted with Dr. John A. Ritter, Jr., for medical services to the paupers in the townships mentioned; but the appellees claimed that the services for which they sued were rendered under appellant's contract with them for such surgical attention as the paupers of those townships might require. Manifestly, therefore, the offered evidence was irrelevant, and on this ground, we think, was properly excluded.

A careful examination of the record of this cause has led us to the conclusion that there is no error therein which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.