No. 11,474.

WRIGHT, AUDITOR, v. BOARD OF COMMISSIONERS OF HANCOCK COUNTY.

COUNTY AUDITOR.—*Gravel Roads.*—*Taxes.*—*Fees.*—The county auditor was not entitled to fees for services in placing on the tax duplicate taxes for free gravel roads in the year 1882.

From the Hancock Circuit Court.

*C. G. Offutt* and *R. A. Black,* for appellant.
*J. A. New* and *J. W. Jones,* for appellee.

ELLIOTT, C. J.—The appellant presented the following claim to the board of commissioners:

"GREENFIELD, INDIANA, May 31st, 1883.
"Range Line Free Gravel Road Fund.
" *To Henry Wright, Auditor, Dr. :*
" To making duplicates for the year 1882, two duplicates, $40.00."

We decided in *Wright* v. *Board, etc., ante,* p. 88, that a county auditor is not entitled to fees for services performed in gravel road proceedings prior to the act of 1883, and subsequent to the act of 1879, and unless this complaint or claim can be regarded as showing that the services were performed under the former act, the ruling must be that the trial court did not err in holding it bad.

The rules in pleadings in cases like this are very liberal. *Board, etc.,* v. *Ritter,* 90 Ind. 362. But liberal as are these rules, they do not dispense with all statements of the nature of the claim. The statute provides that " the claimant shall file with such commissioners a detailed statement of the items and dates." *Board, etc.,* v. *Ritter, supra, vide* p. 368. As there must be some statement, it necessarily follows that it must be such as shows a liability on the part of the county. A claim not showing a liability can not support a judgment. *Hoffman* v. *Board, etc.,* 96 Ind. 84. It must at least show a case in which there may be a liability. As shown by the

opinion in *Wright* v. *Board, etc., supra,* and the cases there cited, there can be no liability for services performed prior to the act of 1883, and subsequent to that of 1879. The services in this case were, as the claim shows, performed in 1882, and there is, therefore, no liability. But in addition to this defect, there is a failure to show that the duplicates were prepared in a matter provided for by the act of 1883.

Judgment affirmed.

Filed Oct. 29, 1884.