Filed March 12, 1885.

---

No. 11,940.

## The Board of Commissioners of Henry County v. Murphy.

TAXATION.—*Special Assessments.—Omitted Property.—Taxes Paid.—Refunding Amount Paid.*—Under the assessment law of December 21st, 1872, and its amendments, special assessments of omitted property were only authorized for the current year, and where such assessments were made for previous years, they were liable to be vacated and set aside upon the application of the taxpayer. But if the taxpayer, without such application, pay the taxes on such omitted property so specially assessed, and thereafter files his claim with the county board to obtain the refunding of the taxes so paid by him, it is not enough for him to show that such special assessments were not authorized by law, but he must also show that the taxes so paid by him were "wrongfully assessed."

SAME.—*Wrongfully Assessed Taxes.—Meaning of.*—In such case it is not enough to show that the special assessment of the taxes paid was irregular and unauthorized by law, but it must also be shown that such taxes were wrongfully, that is unjustly, assessed and levied.

SAME.—*Sufficiency of Complaint.—Claim under Statute.— Pleading.*—In presenting a claim against the county in the commissioners' court, no formal pleading or complaint is necessary; but where the claimant seeks to obtain relief under a statute, he must state such facts in his claim or complaint as will show *prima facie* that he is entitled to such relief.

From the Henry Circuit Court.

*J. H. Mellett* and *E. H. Bundy,* for appellant.

*T. B. Redding,* for appellee.

HOWK, J.—In this case the appellee, Murphy, presented to and filed with the appellant, at its June term, 1883, his claim or complaint, wherein he alleged that theretofore, on the — day of ————, 1878, the then auditor of Henry county, by order of the appellant, made an additional assessment of the rights, credits and property of the appellee, and placed the same on the tax-duplicate of such county for the year 1878, as follows, to wit:

| | | | | | |
|---|---|---|---|---|---|
| For 1872, on $4,000 | personalty, | a tax of | . . . | $60 | 72 |
| For 1873, " 4,000 | " | " | . . . | 59 | 13 |
| For 1874, " 5,000 | " | " | . . . | 61 | 49 |
| For 1875, " 5,000 | " | " | . . . | 55 | 44 |
| For 1876, " 2,000 | " | " | . . . | 19 | 60 |
| For 1877, " 2,000 | " | " | . . . | 16 | 80 |

Making the total taxes thus assessed and placed upon the tax-duplicate against the appellee amount to the sum of $273.18; that the appellant ordered and directed such tax-duplicate to be placed in the hands of the treasurer of such county for collection, and ordered such treasurer to proceed at once to collect the taxes so assessed against the appellee; that the county treasurer did proceed and undertake to collect such taxes, and threatened and was about to levy upon and take the appellee's property to make such taxes; and that the appellee was compelled to and did pay the county treasurer, under protest, on February 23d, 1878, in order to save his property from such levy and sale, the amount of the taxes so assessed as aforesaid, to wit, the sum of $273.18, and caused such treasurer to indorse upon the receipt for such taxes, that the same were paid under protest.

And the appellee averred that the appellant's order requiring the county auditor to enter the taxes so assessed by him against the appellee, upon the tax-duplicate, was illegal, null and void; that the county auditor had no legal right or authority to make such additional assessment of taxes against the appellee, or to enter the same upon such tax-duplicate;

that the county treasurer had no legal right or authority to demand and collect such taxes from the appellee; that such assessment and taxes were wholly erroneous, wrongful, null and void, and such taxes were illegally, unjustly and wrongfully collected from appellee. Wherefore the appellee demanded that appellant should repay him the amount so paid on account of such taxes, with interest thereon, etc.

The appellant refused to allow appellee the sum demanded, or any part thereof.

Thereupon the appellee duly appealed from the appellant's decision to the court below. There the appellant answered in two paragraphs, as follows: 1. A general denial of the complaint; and, 2. That appellee's cause of action did not accrue within six years before the commencement of this suit. The appellee replied by a general denial to the second paragraph of answer. The issues joined were tried by the court, and a finding was made for the appellee in the sum of $364.68, and judgment was rendered accordingly.

In this court the appellant has assigned errors as follows:

1. The court erred in overruling its motion for a new trial; and,

2. The appellee's claim or complaint does not state facts sufficient to constitute a cause of action.

In the natural order of things, the second alleged error is first entitled to our consideration, for if the appellee's complaint, challenged as it is for the first time in this court, does not state facts sufficient to constitute a cause of action, it is certain that no valid judgment could be rendered thereon. . It is clear, from the averments of his complaint, that the appellee has endeavored to state a case which would entitle him to the relief provided in section 5813, R. S. 1881, in force since July 24th, 1853. In that section, as applicable to the case in hand, it is provided that where any person shall appear before the board of commissioners of any county and establish, by proper proof, that such person has paid any amount of

The Board of Commissioners of Henry County *v.* Murphy.

taxes which were wrongfully assessed against such person, it shall be the duty of such board to order the amount, so proved to have been paid, to be refunded to such payer from the county treasury, so far as the same was assessed and paid for county taxes. Under this section of the statute, it was necessary that the appellee should state in his complaint such facts as would show, *prima facie* at least, that the amount of taxes which he had paid, and was seeking to have refunded, was " wrongfully assessed " against him. We have given a full summary of appellee's complaint, and the question for our decision may be thus stated : Are the facts averred in this complaint sufficient to show, even *prima facie*, that the taxes which appellee seeks to have refunded were wrongfully assessed against him ?

It may be conceded that the county auditor was not authorized, by any statute in force at the time, to make and enter upon the tax-duplicate the assessment of taxes against the appellee set out in his complaint. If this were a suit to vacate such assessment and to enjoin the collection of such taxes, we would be bound to hold, as we have held heretofore, that the assessment was not authorized by law, and that the collection of the taxes ought to be enjoined. *Stockman* v. *Robbins*, 80 Ind. 195. But the appellee has paid such taxes, and he is now seeking to have the amount of such payment refunded to him. It is certain that if there were no statute authorizing the refunding of the taxes paid, the appellee could not maintain his action ; and it is equally certain that in asserting his claim, under the statute, he must show *prima facie* that the taxes, which he has paid and asks to have refunded, were " wrongfully assessed " against him. What is meant by the expression " wrongfully assessed," as used in the section of the statute now under consideration, has recently been declared by this court in the case of *Board, etc.,* v. *Armstrong,* 91 Ind. 528, where it was held, in effect, that a tax might be irregularly and unlawfully assessed, and yet not be " wrong-

fully assessed," within the meaning of the statute. The same question was again before the court in *Durham* v. *Board, etc.,* 95 Ind. 182, where, after a reference to the statute, it was said : "An elementary rule is that one who founds a right of action on a statute must make a case within its terms. * * * * * In order to make a case within the statute, it must be shown, not only that the special assessment was made by an unauthorized person, and in an irregular manner, but also that the property upon which the taxes were laid was not justly subject to the assessment. It is not enough to show that the special assessment was irregular and unauthorized, for it must also be shown that the taxes were unjustly levied. A man can not evade the payment of taxes justly chargeable against him by showing that the wrong person made the assessment."

Every word of this quotation, from the case last cited, is forcibly applicable to the case in hand. In the complaint we are now considering, there is not a fact alleged tending even to show that the appellee was not the owner of all the property mentioned in the special assessment, or that such property was not justly chargeable with all the taxes therein assessed upon it against him. But appellee's whole cause of action, as stated in his complaint, rests upon the naked allegation that the county auditor had no legal right or authority to make such special assessment. Certainly, the appellee has nowhere stated in his complaint any such facts as show, or tend to show, that the taxes, which he paid and asks to have refunded, were " wrongfully assessed " against him, within the meaning of the statute. It is true that in presenting a claim or complaint in the commissioners' court, no particular form is necessary. *Board, etc.,* v. *Ritter,* 90 Ind. 362. But it is equally true that where, as in this case, the claimant seeks to obtain relief under a statute, he must state such facts in his complaint as will show *prima facie* that he is entitled to the relief demanded. *Wright* v. *Board, etc.,* 98 Ind. 108.

We conclude, therefore, that the appellee's complaint does. not state facts sufficient to constitute a cause of action, or to sustain the judgment of the trial court.

The judgment is reversed, with costs, and the cause is re-- manded for further proceedings, etc.

