No. 17,541.

HAZLETON *v.* DE PRIEST.

APPELLATE PROCEDURE.—*Want of Notice of Appeal.—Waiver.*—Objection to the jurisdiction for want of notice of appeal, is waived by filing a brief discussing the merits, before action upon such objection (under a motion made on special appearance) is had.

FERRIES.—*Petition for Establishment.—Essentials Of.*—A petition for the establishment of a ferry, under section 6597, R. S. 1894, allowing any person holding lands on either side of a river or creek which is the boundary between two counties, to apply to the county commissioners of the county in which such lands lie for the establishment of a ferry, must show the petitioner's right of claim to land upon the stream in the county in which such petition is made.

From the Knox Circuit Court.

*S. W. Williams* and *Land & Gamble*, for appellant.

*W. A. Cullop, L. C. Embree* and *C. B. Kessinger*, for appellee.

McCABE, J.—The appellee filed his application, or petition, before the board of commissioners of Knox county, at the June term thereof for 1890, for the establishment of a ferry, which petition reads as follows :

"To the board of commissioners of Knox county, Indiana:

"The undersigned hereby applies for a license to establish a ferry across White river, between the counties of Knox and Gibson, and to be used as a landing

place, being on the land of Jane Westfall, on the Knox county side, and at the foot of Main street on the Gibson county side.

A. B. DE PRIEST."

Following the above paper, called the petition and application, is copied into the transcript the following paper :

"We, the undersigned citizens of Knox county, Indiana, would respectfully request your honorable board of commissioners of above county to grant a ferry license to A. B. De Priest, of Hazleton, Indiana, to maintain and operate a second or additional ferry across White river at said town of Hazleton, Indiana. We do crossing at the present Hazleton ferry, and we believe an additional ferry is necessary and will be of public convenience."

Signed by a number of names.

The board made an order establishing the ferry and granting the license asked for, and the appellant filed an affidavit showing that she was interested and aggrieved by such decision, and praying an appeal to the circuit court, which was granted on her filing an appeal bond.

In the circuit court the petition or application was objected to by demurrer, which was overruled. A trial by jury resulted in a verdict and judgment over appellant's motion in arrest thereof, establishing said ferry and licensing the appellee to keep and maintain the same. Error is assigned on the action of the circuit court in overruling the demurrer to the petition, and in overruling the motion in arrest of judgment.

The appellee, on November 7, 1895, entered a special appearance in this court for the sole purpose of moving to set aside the submission for want of notice of the

appeal, which motion was made. The appeal being a vacation appeal, notice on the appellee was necessary. The notice issued by the clerk of this court was served on an attorney instead of appellee, and was, therefore, no notice. *Tate* v. *Hamlin* (Ind.), 41 N. E. Rep. 356. But on the same day this motion was made, appellee filed a brief fully discussing the merits of the appeal, before any action on his motion was had. Such action on his part is a waiver of the objection to the jurisdiction over his person. Elliott App. Proced., section 577, and authorities there cited. The motion to set aside the submission is therefore overruled.

It is, however, earnestly insisted by the learned counsel for the appellee, that the demurrer was not sufficient in form to question the sufficiency of the petition or application, and that the defects therein were cured by the verdict.

The same degree of strictness in pleading is not required in courts of county commissioners, as in courts of general superior jurisdiction. *Board, etc.,* v. *Adams,* 76 Ind. 504; *Board, etc.,* v. *Hon,* 87 Ind. 356; *Board, etc.,* v. *Ritter,* 90 Ind. 362; *Duncan* v. *Board, etc.,* 101 Ind. 403.

Enough is stated in the application to show that the stream across which it is sought to establish a ferry is not on the State line, but it is affirmatively shown that the stream is the county line between Knox and Gibson counties. Therefore the case is not governed by section 6591, R. S. 1894 (R. S. 1881, section 4871), which applies only to cases "of any streams running through or bounding on any county in this State, to and from any points without the limits of this State."

The facts that are stated in the application show that the case falls within and is governed by section 6597,

R. S. 1894 (R. S. 1881, section 4877), which provides that:

"When any river or creek shall be the boundary between two counties, any person, persons or corporation holding lands on either side of said river or creek, who shall desire a public ferry across the same, shall apply to the board of county commissioners for the county in which such lands lie, who are hereby authorized to establish such ferry from the land of such applicant to the opposite side; and in such case a certified copy of the order establishing such ferry shall be transmitted to the auditor of the county on such opposite side, at the expense of such applicant; and, thereupon, such county may assess a tax for license for such ferry, in a sum not exceeding, for both counties, the amount charged for such ferries where one county alone is concerned, half of which tax shall be assessed by each county. Nothing in this act shall be construed to make any person liable for crossing his own property, or that of another, where he does not receive pay for the same."

By this section, it is plain that all the power that the board has on the subject therein embraced, is conferred specially. It requires, as a condition to the exercise of that power, that there be an application to the board of commissioners for the county in which the lands lie. That fact sufficiently appears in the petition, though not very clearly stated. This section, wholly unlike the other sections on the general subject of public ferries, secures the right, to the persons therein named, to demand the establishment of ferries, regardless of the questions whether there is another ferry within one mile below or above, or whether public convenience requires it, as provided in section 6596, R. S. 1894 (R. S. 1881, section 4876), or where public convenience

requires a ferry, as provided in section 6598. But this unconditional and absolute right is only conferred on "any person, persons or corporation holding lands on either side of said river or creek." There is no pretense of a statement, either in the petition or in the paper that accompanies it, that the appellee either owns or holds the lands on either side of the stream, or from which it is sought to establish the ferry, nor is there any showing that the owner of the land failed to apply, etc.

It was held, under the R. S. 1831, authorizing the application for the establishment of a ferry by "the proprietor of the land," that mere possession even was not sufficient to warrant the establishment of a ferry. *Mullis* v. *Cavins*, 5 Blackf. 77.

It has been held that a statement of a claim for allowance by a board of commissioners should state facts sufficient to show a liability on the part of the county. *Miller* v. *Embree*, 88 Ind. 133. And in *Board, etc.*, v. *Murphy*, 100 Ind. 570, at p. 574, it is said that: "An elementary rule is that one who founds a right of action on a statute must make a case within its terms," and this rule was there applied to a claim filed before the board, asking the board to refund taxes erroneously paid. To the same effect are *Stout* v. *Board, etc.*, 107 Ind. 343; *Nave* v. *Ritter*, 41 Ind. 301.

The application or petition affirmatively shows that appellee is not entitled to the relief he asked therein, because as to the land on the Knox county side of the river it states it to be "the land of Jane Westfall," without stating any right or claim he had in or to it whatever. It was the land on the Knox county side that gave the board of commissioners of that county jurisdiction, and not the land on the Gibson county

side, as the section of the statute quoted expressly provides.

The application failing to show that appellee held, owned, or had any interest in that land, it was insufficient on demurrer.   And that being a fact essential to appellee's relief, and not a mere defective statement of a fact, it was insufficient on a motion in arrest.   *Taylor* v. *Johnson*, 113 Ind. 164.

It follows from what we have said, that the circuit court erred in overruling the demurrer to the petition and the motion in arrest.

The judgment is reversed and the cause remanded, with direction to sustain the demurrer to the petition, with leave to amend the same.

