## LOUCHEIM v. SEELEY ET AL.

[No. 17,558.   Filed April 15, 1896.   Rehearing denied Oct. 14, 1896.]

APPEAL.—*Filing of Brief Equivalent to Waiver of Process.*—The filing of a brief on the merits of an appeal amounts to a full appearance and waiver of process.  *p. 665.*

SAME.—*Brief.*—A paper filed by appellant, purporting to be a brief, containing no statement of any point relied on for a reversal, and in which no argument is made, is not a brief within the meaning of rule twenty-six of the Supreme Court.  *p. 666.*

SAME. —*Amendment of Assignment of Errors.*— Under rule three of the Supreme Court, permitting amendments to the assignment of errors after a cause has been submitted if it is made to appear that due care and diligence were exercised in the first instance, a showing that "by inadvertence and oversight in preparing the assignment of errors the names of said parties were omitted," is not a showing of due care and diligence.  *pp. 666, 667.*

From the Huntington Circuit Court.  *Appeal dismissed.*

*B. M. Cobb,* for appellant.

*J. B. Kenner* and *U. S. Lesh,* for appellees.

McCABE, J.—A motion has been filed in this court to dismiss the appeal, by some of the appellees, on the ground that the process issued by the clerk of this court for some of the appellees was served on their attorneys, instead of being served on such appellees themselves, citing in support of such motion, *Tate* v. *Hamlin,* 149 Ind. 94.   But since filing such motion said parties have filed a brief on the merits of the appeal, which amounts to a full appearance and waiver of process.  *Hazleton* v. *De Priest,* 143 Ind. 368.   The motion must be regarded as waived.   Another motion is made to dismiss the appeal because the appellant failed to file a brief within sixty days after the submission.   The point made under this motion is that the only brief on behalf of appellant filed within the sixty days after the submission of the cause

is not a brief, in any proper legal sense.  Long after the expiration of the sixty days after submission, the appellant filed a proper brief.  He has also filed an elaborate brief to prove that the paper filed by him within the time allowed for filing a brief was a sufficient brief.  After carefully reading the same, with the quotations from numerous decisions of this court as to what it takes to constitute a brief, so as to prevent the assignment of errors from being thereby deemed waived, we think no other argument is needed to establish conclusively that appellant's first effort does not amount to a brief.  Among the quotations by appellant is the following from *Millikan* v. *State, ex rel.,* 70 Ind., at page 284, where it is said: "The paper, however, purporting to be appellant's brief, contains only a short abstract of the proceedings below, and a general statement of the objections to those proceedings which are relied on for a reversal of the judgment, without any argument or the assignment of any specific reasons, in support of the objections thus indicated.  Such a paper is not a brief within the spirit and meaning of rule fourteen [now twenty-six] of this court and presents no question for our decision in this court."  In the case before us, there is no statement of any point relied on for a reversal, and no argument is made, in the paper called a "brief" in favor of any point for a reversal of the judgment.

But there is another ground on which it is urged that the appeal should be dismissed, and that is that some of the parties in whose favor judgment was rendered have not been made parties to the appeal, as appellees or otherwise.  The appellant, conceding his failure to make them parties, has asked leave to amend the assignment of errors so as to make them appellees. That motion was overruled on February 11, 1896, on the

ground that there was no showing of a valid excuse for failure to make the proper parties in the start. Rule three of this court provides that "Amendments of the assignment of errors shall not be made after the cause is submitted, except upon notice and leave applied for in writing, nor shall leave be granted unless it appear that due care and diligence were exercised in the first instance to make the assignment complete." The only care and diligence shown is that, "by inadvertence and oversight in preparing the assignment of error the name of the said parties was omitted." This is not a showing of care and diligence. Where a party appeals, and does not make all the opposite parties in whose favor judgment was rendered appellees therein, the appeal will be dismissed, as the appellate tribunal has not the power to disturb the judgment as to some of the parties without disturbing it as to all. *Garside* v. *Wolf*, 135 Ind. 42; *Ogle* v. *Manlove*, 133 Ind. 55. For all the reasons above stated the motion to dismiss the appeal ought to be, and is, sustained. The appeal is dismissed.