## Alvey v. Wiggs et al.

[No. 7,877.   Filed April 15, 1913.]

1. Appeal.—*Vacation Appeal.—Notice of Appeal.—Dismissal.*—Appellant's failure, in a vacation appeal, to give notice of the appeal in compliance with Rule 36 of the court is cause for dismissal. p. 264.

2. Appeal.—*Vacation Appeal.—Failure to Give Notice of Appeal.—Waiver.*—Where, prior to the time fixed in appellee's motion to dismiss a vacation appeal for failure to give notice, the appellee entered a full appearance and filed a brief upon the merits, the giving of notice was thereby waived and jurisdiction attached. p. 264.

3. APPEAL.—*Review.*—*Disposition of Cause.*—Where no error appears in the record, the cause will be affirmed, although a strict compliance with the court rules might warrant a dismissal for imperfections in appellant's brief. p. 265.

From Dubois Circuit Court; *John L. Bretz,* Judge.

Action by Daniel W. Wiggs and others against John B. Alvey. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*R. W. Armstrong* and *B. W. Pickhardt,* for appellant.
*Leo H. Fisher* and *A. L. Gray,* for appellees.

SHEA, J.—This action was brought by appellees against appellant Alvey for damages for breach of a written contract. The cause was tried on the third paragraph of appellees' complaint, to which a demurrer was overruled. Appellant answered in two paragraphs: (1) general denial; (2) setting up in defense that he tendered back $100 paid him to bind the contract, which was refused, and he then paid the money to the clerk of the court below. Appellees replied by a general denial to the second paragraph of answer. The issues formed were submitted to a jury for trial, and a verdict for $375 returned for appellees. Judgment on the verdict. Appellant's motion for a new trial was overruled, exceptions taken and the cause appealed to this court.

The appeal in this case was properly treated as a vacation appeal. Appellees filed a motion to dismiss because of the failure of appellant to give proper notice as required by Rule 36 of this court. This motion was continued until final hearing. At the time made, the motion was well taken, as notice had not been given, and there had been no appearance by appellees. The time fixed by appellees in the motion to dismiss, for the hearing thereof, was April 25, 1911. On April 22, 1911, appellees entered a full appearance, and filed a brief upon the merits. Under the settled practice of

both this court and the Supreme Court, this was a waiver of notice, and jurisdiction attached. The motion to dismiss the appeal is overruled. Ewbank's Manual §163; *Loucheim* v. *Seeley* (1896), 151 Ind. 665, 43 N. E. 646; *Hazelton* v. *DePriest* (1896), 143 Ind. 368, 42 N. E. 751; *Schmidt* v. *Wright* (1882), 88 Ind. 56. Very many imperfec-

3. tions in the brief filed by appellant, are pointed out by appellees, some of which are well taken. A strict enforcement of the rules might warrant the court in dismissing the appeal. We have, however, examined the record, and find no reversible error.

The judgment is therefore affirmed.

Note.—Reported in 101 N. E. 637. See, also, under (1) 2 Cyc. 873; 3 Cyc. 185; (2) 2 Cyc. 875; (3) 3 Cyc. 418. As to waiver of right of appeal, see 13 Am. Dec. 546.