RISSLER ET AL. *v.* CATERPILLAR TRACTOR CO.

[No. 16,084. Filed January 3, 1938.]

*Charles R. Turner*, for appellants.

*Stotsenberg, Weathers, Minton & Phillips,* for appellee.

LAYMON, C. J.—Appellee has appeared specially in this cause for the sole purpose of making a motion to dismiss this appeal. Appellee asserts in its motion that this is a vacation appeal and that it has been on the docket of this court for more than 90 days; that there is no appearance by the appellee; that the transcript was filed in the office of the clerk of this court on the 24th day of August, 1937; that notice of the appeal was issued from the office of said clerk on the same date and directed to the sheriff of this court; that said notice was served upon appellee's attorneys by the sheriff of Floyd County, Indiana; that no notice of said appeal was ever served on the appellee personally; and that no steps have been taken for more than 90 days after the issuance of said notice to bring the appellee into court.

The record shows: (1) That the appeal is a vacation appeal; (2) that the appeal has been on the docket of this court for more than 90 days; (3) that the notice issued pursuant to the praecipe of appellants filed in this court was not served on appellee personally but was served on appellee's attorneys; (4) that appellants have taken no steps for more than 90 days to bring appellee into court; and (5) that appellee has not entered a general appearance herein.

This being a vacation appeal, notice must be given appellee, and such notice when served out of this court must be served upon the appellee in person or by publication. Service upon appellee's attorneys is not in compliance with the statute and is ineffectual. *Hazleton* v. *DePriest* (1895), 143 Ind. 368, 42 N. E. 751; *Tate* v. *Hamlin et al.* (1897), 149 Ind. 94, 41 N. E. 356, 41 N. E. 1035.

The foregoing facts clearly bring this appeal within rule No. 36 of the Supreme and Appellate Court Rules

adopted November 1, 1933. This rule provides: "Where a case not appealed in term has been on the docket ninety days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court; or where a notice has been issued and proves ineffectual from any cause, and no steps are taken for more than ninety days after the issuance of such ineffectual notice to bring the appellee into court, the clerk shall enter an order dismissing the appeal."

For this reason appellee's motion to dismiss this appeal is sustained.